**Rule 1910.16-2.  Support Guidelines.  Calculation of Monthly Net Income.**

* * *

(b)     *Treatment of Public Assistance, SSI Benefits, Social Security Payments to a Child Due to a Parent's Death, Disability or Retirement and Foster Care Payments*.

* * *

*Example 2*.  Two children live with Grandmother who receives $800 per month in Social Security death benefits for the children as a result of Father's death. Grandmother also receives $500 per month from a trust established by Father for the benefit of the children.  Grandmother is employed and earns $2,000 net per month. Grandmother seeks support from the children's mother, who earns $**[1,500]2,000** net per month.  For purposes of calculating Mother's support obligation, Grandmother's income will be $1,300, the amount she receives on behalf of the children in Social Security derivative benefits and the income from the trust.  (If Mother were receiving the benefit on behalf of the children it would be added to her income such that Mother's income would be $**[2,300]2,800** and Grandmother's income would be $500.)  Therefore, Mother's and Grandmother's combined monthly net incomes total $**[2,800]3,300**.  The basic support amount at the $**[2,800]3,300** income level for two children is $**[949]1,115**. As Mother's income of $**[1,500]2,000** is **[54]61**% of the parties' combined income of $**[2,800]3,300**, her portion of the basic support obligation is $**[512]680**.  Since Mother's retirement or disability did not generate the child's derivative benefit, the benefit amount is not subtracted from her portion of the basic support amount and Mother owes Grandmother $**[512]680**.  If Grandmother was not receiving the children's derivative benefits or income from the trust, her income for purposes of calculating Mother's child support obligation would be zero, and Mother would pay 100% of the basic support amount because Grandmother has no duty to support the children.

* * *

**Rule 1910.16-4.  Support Guidelines.  Calculation of Support Obligation, Formula.**

* * *

(d)     *Divided or Split Physical Custody.  When Each Party Owes Child Support to the Other Party.  Varied Partial or Shared Custodial Schedules.*

(1)     *Divided or Split Physical Custody.  When Each Party Owes Child Support to the Other Party*.  When calculating a child support obligation and each party owes child support to the other party as a result of the custodial arrangement, the court shall

offset the parties' respective child support obligations and award the net difference to the obligee as child support.

*Example 1.* If the parties have three children, one child resides with Mother and two children reside with Father, and their monthly net incomes are $**[2,500]4000** and $**[1,250]2,000** respectively, Mother's child support obligation is calculated using the schedule in Pa.R.C.P. No. 1910.16-3 for two children at the parties' combined monthly net income of $**[3,750]6,000**. The amount of basic child support to be apportioned between the parties is $**[1,224]1,523**. As Mother's income is 67% of the parties' combined monthly net income, Mother's support obligation for the two children living with Father is $**[820]1,020**. Father's child support obligation is calculated using the schedule in Pa.R.C.P. No. 1910.16-3 for one child at the parties' combined monthly net income of $**[3,750]6,000**. The amount of basic child support to be apportioned between the parties is $**[853]1,071**. Father's support obligation for the child living with Mother is $**[281]353**. Subtracting $**[281]353** from $**[820]1,020** produces a net basic support amount of $**[539]667** payable to Father as child support.

*Example 2.* If the parties have two children, one child resides with Mother and the parties share custody (50% - 50%) of the other child, and the parties' monthly net incomes are as set forth in Example 1. The child support obligation is calculated using the schedule in Pa.R.C.P. No. 1910.16-3 for the one child primarily residing with Mother at the parties' combined monthly net income of $**[3,750]6,000**, the amount of basic child support to be apportioned between the parties is $**[853]1,071**. Father's income is 33% of the parties' combined monthly net income, and the support obligation for the child living with Mother is $**[281]353**. For Mother's obligation for the child with the 50% - 50% shared custody arrangement, using the schedule in Pa.R.C.P. No. 1910.16-3 for one child at the parties' combined monthly net income of $**[3,750]6,000**, the amount of basic child support to be apportioned between the parties is $**[853]1,071**. Mother's proportionate share of the combined monthly net incomes is 67%, but it is reduced to 47% after applying the shared parenting time adjustment for 50% custody under subdivision (c). Mother's child support obligation for the shared custody child is $**[401]503** ($**[853]1,071** X 47%). As Mother's obligation is greater than Father's obligation, Father is the obligee and receives the net of the two obligations by subtracting $**[281]353** from $**[401]503**, or $**[120]150**.

(2) *Varied Partial or Shared Custodial Schedules.* When the parties have more than one child and each child spends either (a) different amounts of partial or shared custodial time with the party with the higher income or (b) different amounts of partial custodial time with the party with the lower income, the trier of fact shall add the percentage of time each child spends with that party and divide by the number of children to determine the party's percentage of custodial time. If the average percentage of custodial time the children spend with the party is 40% or more, the provisions of subdivision (c) apply.

2

*Example 3.*   The parties have three children, Mother has primary custody (60% - 40%) of one child, Father has primary custody (60% - 40%) of one child, and the parties share custody (50% - 50%) of the third child.  The parties' monthly net incomes are $2,500 (Mother) and $**[1,250]2,000** (Father).  As a result of the custodial arrangement, Father owes support for the child in the primary custody of Mother and Mother owes support for the child in the primary custody of Father and for the child shared equally between the parties.  Father's child support obligation is calculated using the schedule in Pa.R.C.P. No. 1910.16-3 for one child at the parties' combined monthly net income of $**[3,750]4,500**.  The amount of basic child support to be apportioned between the parties is $**[853]940**.  Father's proportionate share of the combined monthly net incomes is **[33]44**%, but is reduced to **[23]34**% after applying the shared parenting time adjustment for 40% custody under subdivision (c).  Father's child support obligation for this child is $**[196]320** ($**[853]940** X **[23]34**%).  Mother's child support obligation is calculated using the schedule in Pa.R.C.P. No. 1910.16-3 for two children at the parties' combined monthly net income of $**[3,750]4,500**.  The amount of basic child support to be apportioned between the parties is $**[1,224]1,349**.  Mother has varying partial or shared custody of the two children (40% and 50%).  Under subdivision (d)(2), the custodial time is averaged or in this case 45%.  Mother's proportionate share of the combined monthly net incomes is **[67]56**%, but it is reduced to **[52]41**% after applying the shared parenting time adjustment for 45% custody under subdivision (c).  Mother's child support obligation for these children is $**[636]553** ($**[1,224]1,349** x **[52]41**%).  Offsetting the support amounts consistent with subdivision (d)(1), Mother's obligation is greater than Father's obligation, and Father is the obligee receiving the net of the two obligations by subtracting $**[196]320** from $**[636]553**, or $**[440]233**.

* * *

**Rule 1910.16-7.  Support Guidelines.  Awards of Child Support When There are Multiple Families.**

* * *

(b)     When the total of the obligor's basic support obligations exceeds 50% of his or her monthly net income, the court may consider a proportional reduction of these obligations.  Since, however, the goal of the guidelines is to treat each child equitably, a first or later family shall not receive preference, and the court shall not divide the guideline amount for all of the obligor's children among the households in which those children live.

* * *

*Example 2*.  The obligor is sued for support of three children of a second marriage.  There is already an order in effect for two children of the first marriage.  The relevant monthly net incomes are $**[1,600]2,500** for the obligor, $0 for the first spouse and $500 for the second spouse.  The obligor's basic support obligations to each family are $**[555]849** for the two children of the first marriage and $**[641]987** for the three children of the second marriage for a total support obligation of $**[1,196]1,836**.  Since this total obligation leaves the obligor with only $**[404]664** on which to live, the orders are too high as the obligor must be left with a Self-Support Reserve of $981.  However, reducing the order for three children while leaving the existing order intact would give preference to the first family, contrary to the rule.  Therefore, both orders must be reduced proportionally.

\* \* \*

4